**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| THE ESTATE OF ) | |
| JOSHUA CHARLES DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1443 RLW |
| ) | |
| THE UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on review of the self-represented civil complaint and motion to proceed *in forma pauperis* filed by Jack Davis, on behalf on the Estate of Joshua Charles Davis. ECF Nos. 1-2. For the reasons discussed below, the Court will give Estate personal representative, Jack Davis, thirty (30) days to file a new motion to proceed *in forma pauperis* and a signed amended complaint, as the real party in interest in this matter.

**Motion to Proceed *In Forma Pauperis***

When seeking to proceed in an action without prepayment of fees and costs, a plaintiff should seek *in forma pauperis* status using a form provided by the Court. *See* E.D. Mo. L.R. 2.05(A). In this case, Plaintiff did use a Court-provided form but it was the wrong one – Plaintiff used a form for habeas cases. *See* ECF No. 2 (titled "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases"). The Court will direct the Clerk of Court to send to Plaintiff the appropriate form for this civil matter: the "Application to Proceed in District Court without Prepaying Fees or Costs."

Plaintiff should consider that the Court may authorize the commencement or prosecution of a civil action without prepayment of fees if a plaintiff demonstrates he or she "is unable to pay

such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  *In forma pauperis* status is a matter

of privilege, not of right.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the

statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate

that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for

the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see*

*also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

Plaintiff should complete the Application to Proceed *In Forma Pauperis* in its entirety and

the financial information provided should reflect the current assets and expenses of the Estate of

Joshua Charles Davis.  The Court notes that when this case was initiated on November 13, 2023,

the Court's civil case filing fee was $402.  The bank statement filed at that time with the motion

to proceed *in forma pauperis* reflects a balance of over $2600.  *See* ECF No. 2 at 4.  Plaintiff

should consider that based on this financial asset alone, with no corresponding expenses, it appears

the Estate has the means to cover the filing fee in this matter.  If personal representative Davis still

wishes to seek *in forma pauperis* status in this matter, he must file a new motion on the correct

Court-provided form within thirty (30) days of this Order.

## The Complaint

According to the caption of the civil complaint, the named Plaintiff is "The Estate of Joshua

Charles Davis" and the six defendants are: (1) the United States of America; (2) the Department

of Veterans Affairs; (3) the Social Security Administration; (4) the Internal Revenue Service; (5)

the National Association for Spina Bifida; and (6) Vietnam Veterans of America.  ECF No. 1 at 1.

It is alleged that these "defendants in concert or alone failed to offer assistance to Mr. Joshua

Charles Davis throughout his life," resulting in Davis "being of diminished capacity due to the

actions of the United States."  *Id.* at 5.

The stated basis for jurisdiction over this matter is federal question jurisdiction, specifically "18 U.S. Code § 1038 knowingly engaging in false information by the Department of Veterans Affairs" and the "14th Amendment to the US Constitution ensuring equal protection under the law." *Id.* at 3.

The factual allegations of the complaint are difficult to discern and are spread throughout various sections of the complaint. *Id.* at 3-5. As best the Court can decipher, this case has to do with "so called … Rainbow Herbicides" used in Vietnam and Thailand from approximately 1961 to 1972. *Id.* at 3. It is alleged that the "United States of America openly used the 'rainbow herbicides' in Thailand and then lied about that use for over 24 years causing needless hardship pain and suffering" to Joshua Davis and "contributing to his premature death from the toxic exposure." *Id.* at 4. According to the complaint, Congress waived the protection of sovereign immunity for the United States on such claims. *Id.* at 5. Defendants Vietnam Veterans of America and the National Association of Spina Bifida were "named stakeholder[s]," but they both failed to help the "victims they pledged to help." *Id.* Specifically, Vietnam Veterans of America is accused of knowing about the herbicide use but "accept[ing] the lie." *Id.* at 4. Defendant National Spina Bifida Association "participated in the 2014 GAO audit of the VA spina bifida program but failed to act to make sure the VA actually did what it agreed to do," which was to provide compensation to victims. *Id.*

For relief, Plaintiff seeks damages totaling more than a million dollars. *Id.* at 5.

Attached to the complaint are two documents.[1] First, a state court document filed May 3, 2023, in the St. Louis County Probate Division, naming "Jack C. Davis" as the personal representative for the Estate of Joshua Charles Davis. ECF No. 1-1. Second, a death certificate

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

for "Joshua C Davis" issued by the State of Missouri.  ECF No. 1-2.  According to this certificate, Joshua Davis never served in the Armed Forces.  However, the 'Cause of Death' section of the certificate mentions his "FATHER'S EXPOSURE TO DIOXIN AGENT ORANGE."  *Id.*

**Complaint Deficiencies and Directions on Amendment**

Because Plaintiff is self-represented and he has presented serious allegations to the Court, he will be given an opportunity to amend his complaint in accordance with the instructions set forth below.  *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint before dismissing for failure to state a claim).  Plaintiff should consider the following legal issues in filing an amended complaint.

## I.    Complaint Must be Signed

The complaint filed in this matter is unsigned and therefore does not comply with Federal and Local Rules.  *See* ECF No. 1 at 5.  Under Federal Rule of Civil Procedure 11, every written pleading or motion must be signed "by a party personally if the party is unrepresented" and the Court may strike an unsigned paper "unless the omission is promptly corrected after being called to the . . . party's attention."  Similarly, the Local Rules of this Court require that all filings be signed by the party or the party's attorney.  E.D. Mo. L.R. 2.01(A)(1).

Here, the form complaint has a section titled "For Parties Without an Attorney," where Plaintiff should sign and date the complaint.  *See* ECF No. 1 at 5.  In the filed complaint, this section was left blank.  *Id.*  When filing an amended complaint in this matter, Plaintiff must sign the self-represented complaint.

## II.      Complaint Must Comply with Federal Rules

### a.  Naming the Correct Plaintiff

Under the Federal Rules of Civil Procedure, Rule 17(a) provides that an "action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1).  "The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced." *Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1045 (8th Cir. 2003). The purpose of Rule 17(a) "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata."  *Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*, 618 F.3d 762, 771 (8th Cir. 2010).  As such, the party bringing an action must actually possess, under the substantive law, the right sought to be enforced.  *United HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996).

Rule 17 provides that the following persons may sue in their own names without joining the person for whose benefit the action is brought:

> (A) an executor;
> (B) an administrator;
> (C) a guardian;
> (D) a bailee;
> (E) a trustee of an express trust;
> (F) a party with whom or in whose name a contract has been made
>     for another's benefit; and
> (G) a party authorized by statute.

Fed. R. Civ. P. 17(a)(1).

In this case, Jack Davis filed this case and named "The Estate of Joshua Charles Davis" as the plaintiff.  However, under Rule 17, Jack Davis can sue in his own name and should do so.  Fed. R. Civ. P. 17(a)(1).  As such, Jack Davis is directed to file an amended complaint in this case, naming himself as plaintiff as the personal representative of the Estate of Joshua Charles Davis.

**b.  Rules on Pleadings**

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  Even self-represented litigants must abide by the Federal Rules of Civil Procedure and plead specific facts as to the conduct of each named defendant.  *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant.  *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances).  Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  If there is not enough room in the caption, Plaintiff may add additional sheets of paper.  However, all the defendants must be clearly listed.  Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant.  If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, Plaintiff may choose a single defendant, and set forth as many

claims as he has against him or her.  *See* Fed. R. Civ. P. 18(a).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must comply with these Federal Rules, and all others, in the filing of his amended complaint.

### III.   Complaint Must State Legal Claims Against Suable Defendants

#### a.   Legal Basis for Relief

According to the complaint in this matter, this case is being brought under 18 U.S.C. § 1038, which pertains to false information and hoaxes.  This statute only allows for a civil action to be brought in limited circumstances:

> **(b) Civil Action**.—Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of chapter 2, 10, 11B, 39, 40, 44, 111, or 113B of this title, section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), or section 46502, the second sentence of section 46504, section 46505 (b)(3) or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49 is liable in a civil action to any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses.

18 U.S.C. § 1038(b).

Plaintiff must clarify in his amended pleading exactly how this statute applies in this case and how it applies to each named defendant.  He should clearly state under which referenced section listed in the statute he brings this civil action, and he should plead sufficient factual allegations as to each named defendant such that the Court can find that Plaintiff states a claim upon which relief may be granted under this statute.

### b.  Defendant Department of Veteran Affairs

To the extent this case is being brought against the Department of Veterans Affairs ("VA") after a denial of benefits, self-represented Plaintiff should be aware of the jurisdictional limitations of such a suit.  Under Title 38 U.S.C. § 511, decisions of the Secretary of Veterans' Affairs concerning the provision of benefits to veterans or their dependents or survivors are "final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise."

A plaintiff may potentially sue the VA for collateral damages caused by the negligence of a VA employee.  *See Cortes Castillo v. Veterans Admin.*, 433 F.Supp.2d 221, 224-25 (D. P.R. 2006).  Such claims must be brought pursuant to the Federal Torts Claims Act, 28 U.S.C. § 1346 ("FTCA").  To bring an action in federal court against the VA under the FTCA, a plaintiff must first present his or her claim to the appropriate federal agency pursuant to 28 U.S.C. § 2675(a).  Failure to comply with § 2675(a) operates as a jurisdictional bar to proceeding in federal court. *McCoy v. United States*, 264 F.3d 792, 795 (8th Cir. 2001).  In this case, there is no indication on the complaint that claims have been previously presented to the VA pursuant to § 2675(a).  In the absence of previous presentation to the VA, such claims would be subject to dismissal for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

As such, Plaintiff should state in the amended complaint if he has already presented his claims to the appropriate federal agency and, if so, the results of such proceedings.

### Conclusion

The Court will give Estate personal representative, Jack Davis, thirty (30) days to file a new motion to proceed *in forma pauperis* and an amended complaint in this matter.  Davis should name himself as plaintiff in this matter, as the personal representative of the Estate of Joshua Charles Davis, and he must sign the amended complaint.  The amended complaint must comply

with the Court's directions stated herein, with all applicable Federal Rules of Civil Procedure and the Court's Local Rules, and must state a valid legal claim against suable defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases" [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff blank copies of the Court's 'Civil Complaint' and 'Application to Proceed in District Court without Prepaying Fees or Costs' forms.

**IT IS FURTHER ORDERED** that by **April 5, 2024**, Plaintiff shall file a motion to proceed *in forma pauperis* on the Court-provided form and in compliance with the Court's instructions, or shall pay the full filing fee in this matter.

**IT IS FURTHER ORDERED** that by **April 5, 2024**, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**Plaintiff's failure to timely and fully comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of March, 2024.