**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THE ESTATE OF ) | |
| JOSHUA CHARLES DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1443 RLW |
| ) | |
| THE UNITED STATES OF ) | |
| AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On March 6, 2024, the Court issued an Order in this case giving plaintiff the Estate of Joshua Charles Davis's personal representative, Jack Davis, thirty (30) days to file a new motion to proceed *in forma pauperis* and a signed amended complaint, as the real party in interest in this matter. ECF No. 4. The Court cautioned that failure to timely comply with the Order would result in the dismissal of this case without further notice. *Id.* at 9. Davis's response was due by April 5, 2024.

On March 27, 2024, the Court received a letter from Davis, captioned with the case number for this matter. ECF No. 6. In the letter, Davis states that he has "lost all interest in moving forward" and "shall no longer waste [his] time" attempting to seek justice for his son. *Id.* at 2-3. Plaintiff attached multiple documents to his letter, including some of the filings from this case, but he did not include a new motion to proceed *in forma pauperis* or a signed amended complaint on the Court-provided forms. *See id.* at 4-35. It is unclear if Davis intended this letter to be a notice of dismissal of this matter.

Regardless, to date, Davis has not responded to the Court's March 6, 2024 Order, or sought additional time to do so.  Davis was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply.  The Court will therefore dismiss this action, without prejudice, due to Davis's failure to comply with the Court's March 6, 2024 Order and his failure to prosecute his case.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of April, 2024.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**